**ROCKARD J. DELGADILLO**, City Attorney (SBN 125465x)
**MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney
**CRAIG J. MILLER**, Deputy City Attorney (SBN 138302)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No: (213) 978-8722; Fax No: (213) 978-8785
E-mail: craig.miller@lacity.org

*Attorneys for Defendants* LOS ANGELES POLICE DEPARTMENT and LUIS TOPETE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEDROS HAJIAN,<br><br>    Plaintiff,<br><br>v.<br><br>LOS ANGELES POLICE DEPARTMENT, LUIS TOPETE, an individual; and DOES 1 through 50, Inclusive,<br><br>    Defendants. | CASE NO. CV09-00451 DDP (RZx)<br><br>JOINT REPORT OF CONFERENCE OF PARTIES AND PLANNING FOR DISCOVERY<br><br>[Fed.R.Civ.P. 16(b) and 26(f); Local Rules 16-1 and 26-1]<br><br>Scheduling Conference:<br>Date: June 1, 2009<br>Time: 3:30 pm.<br>Ctrm:  - Spring Street courthouse<br><br>Judge:   Hon. Dean D. Pregerson<br>Magistrate: Hon. Ralph Zarefsky |

**TO THIS HONORABLE COURT:**

    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the order of this United States District Court for the Central District of California, Plaintiff Bedros Hajian and Defendants, the City of Los Angeles and Luis Topete, through their respective counsel of record, met and conferred on May 7, 2009 and submit the following Joint Report pursuant to Fed.R.Civ.P. 26(f).

    Initially, the parties do not anticipate that any changes should be made regarding the parties obligations under Fed.R.Civ.P., Rule 26(a).

1

1  PLAINTIFF'S BRIEF STATEMENT OF CASE

2  Plaintiff reported his *company van* stolen with the Police Department on or about
3  October 21, 2007.

4  Subsequently, on October 23, 2007, Plaintiff was in his own personal car, leaving
5  his place of employment in Glendale, CA, which was then located at 921 East Broadway
6  Glendale, CA. Plaintiff was traveling on Broadway Blvd.

7  Defendants, with their police cars, surrounded Plaintiff's car and blocked him.
8  Fifteen police cars blocked the road; police officers with their guns pulled out ordered
9  Plaintiff out of the car.

10  Plaintiff was handcuffed outside of his car.
11  While Plaintiff was out of car, standing for at least forty minutes, with his hands
12  handcuffed, Defendants Topete and DOES 1-50 interrogated him about a report he filed
13  with the police regarding the stolen van; he was asked why the report was allegedly filed
14  late.

15  Subsequently, Defendants placed Plaintiff, still handcuffed, inside the back of the
16  police car. Defendants then went, with Plaintiff handcuffed in the back seat, to Plaintiff's
17  place of business.

18  At this point, Plaintiff was still in custody, handcuffed. Detectives went inside the
19  place of business from the doors, from the roof, and barged in ordering all the clients and
20  employees out. They searched the entire place, and even told one of the client ( a drug
21  addict) "pretty whore come over here" They were calling clients "bitches," "Whores"
22  "Criminals"

23  They told Plaintiff: "Why do you want to help drug addicts? Let them rot and die;
24  close this place and open another business."
25  Defendants were searching everywhere; looking inside plants, etc..

26  Plaintiff was detained for at least three hours.

27  Defendants violated Plaintiff's Constitutional rights to be free from unreasonable
28  search and Seizure; Defendants caused Plaintiff emotional pain and suffering.

2

DEFENDANTS' BRIEF STATEMENT OF CASE:

On October 23, 2007, Plaintiff was briefly detained as part of a robbery and/or grand theft automobile investigation. The detention lasted under 20 minutes. Mr. Hajian was detained in the vicinity of his business in Glendale, CA.

The back story leading to the detention, but not arrest, is that Plaintiff operates two drug rehabilitation facilities. On or about October 19, 2007, apparently two of the residents drove one of the business's vans without permission. The residents were permitted to use the van to drive from the Acton facility to the Glendale Facility. On October 19, 2007, however, the residents drove to the Los Feliz and committed some street robberies. Fortunately, for the victims of the robberies, a citizen witness wrote down the license number of the "getaway car." The police "ran the plate" and found it was registered to the business to a business in Glendale.

Mr. Hajian did not report the van as being "stolen" until October 21, 2007.

1. <u>WITNESSES</u>. Pursuant to Fed.R.Civ.P., Rule 26(a)(1)(A) and Local Rule 26-1, the parties will identify the names of individuals ( as known to them) believed by them to have knowledge relevant to the claims at issue on or before the scheduling conference. The parties will exchange initial disclosures on May 28, 2009.

The parties recognize their continuing obligation to advise each other and supplement such disclosures as additional individuals become known to them.

2. <u>DOCUMENTS</u>. Pursuant to Fed.R.Civ.P., Rule 26(a)(1)(B) and Local Rule 26-1, the parties will identify the documents reasonably known to them and contemplated as being used in support of the material allegations of the pleadings filed by that party as required under Fed.R.Civ.P., Rule 26 (a)(1)(A) (ii) in their initial disclosures. The parties reserve the right to produce and identify additional documents at later times and are aware of their discovery obligations.

3. <u>COMPUTATION OF DAMAGES</u>. Pursuant to Rule 26(a)(1)(c) Rule 34 of the Federal Rules of Civil Procedure and Local Rules 26-1 and 34-1, plaintiffs will produce a computation of every category of damages known to plaintiff and claimed by

1 him along with documents, if any, which support the claim for damages on or before the
2 scheduling conference. Plaintiff reserves the right to amend as discovery is continuing.
3 Plaintiff reserves the right to amend the damages according to their expert testimony.

    4.    CASE COMPLEXITY. (Local Rule 26-1(a)) The parties report that this case is <u>not</u> complex such that the Court need apply the Manual for Complex Litigation. This case is also not complex enough to warrant any changes or limitations to discovery. It is not anticipated that more than 10 depositions per side will be necessary.

    1.    DISCOVERY PLAN. Pursuant to Fed.R.Civ.P., Rule 26(f) and Local Rule 26-1, the parties report:

(a) Discovery phases are unnecessary; The parties herein waive a formal discovery plan; the parties will exchange discovery requests and schedule depositions upon review of the initial disclosures provided. Phasing may be necessary if plaintiffs decide to pursue punitive damage claims.

(b) The parties do not currently anticipate a need to specially limit or expand discovery. Should Plaintiff require a need to take depositions of more than ten witnesses, then Plaintiff will seek a leave of Court in compliance with the Federal Rules.

(c) The parties request completion of discovery be set for **April 30, 2010**, based upon the number and availability of witnesses for deposition. The parties anticipate that the bulk of discovery will include written discovery and the taking of depositions of the parties to the action, as well as any potential witnesses to the events surrounding the incident. The parties expect that discovery will be completed by then;

(d) Unless the court desires another procedure, the parties request the court order Expert Discovery and disclosures to occur pursuant to FRCP Rule 26 (a)(2) ( C), with initial disclosure of names and reports **90 days prior to** trial;

1  rebuttal experts to be designated **60 days** prior to trial and all expert
2  discovery to be completed **45 days** prior to trial.
3      5.    <u>MOTION SCHEDULE</u>. (Fed.R.Civ.P., Rule 26(f); Local Rule 26-1(b)). The
4  parties are attempting to determine whether any dispositive motions are appropriate.
5      Defendants are contemplating a motion for summary judgment or adjudication of
6  issues. Plaintiff anticipates also filing a motion for summary judgment
7      The Parties propose a motion hearing cut-off date in **May 24, 2010.**
8      6.    <u>SETTLEMENT</u>. (Fed.R.Civ.P., Rule 26(f); Local Rule 26-1(c)and 16.14.4).
9  The parties have not engaged in settlement negotiations. The allocation or "good faith" of
10 any settlement plaintiffs receive from the cross-defendant will be determined by this case.
11     If the case is not settled or otherwise resolved by the date provided in Rule 16.14 of
12 the Local Rules of this Court, the parties mutually request that Settlement Procedure No. 1
13 (Rule 16.14.4) be followed, and that the parties appear before the magistrate judge
14 assigned to the case before 45 days prior to the initial pre-trial conference.
15     7.    <u>TRIAL ESTIMATE</u>. (Local Rule 26-1(d)). The parties estimate that the trial
16 of the case will take approximately 5 court days. The parties propose a Pre-Trial
17 Conference date in **June 14, 2010** and a trial date of **June 29, 2010.**
18     8.    <u>EXPERT WITNESS DISCLOSURE</u>.
19     The parties propose that the Expert Witness Disclosure requirements will take place
20 in compliance with Fed.R.Civ.P., Rule 26.
21     9.    <u>ADDITIONAL PARTIES</u>. (Local Rule 26-1(f))
22     Defendants request the court set a deadline of June 30, 2009 as the last date to add
23 parties.
24     Plaintiff is awaiting initial disclosures and will propound initial written discovery
25 seeking the names of the individual officers who were involved in the unconstitutional
26 acts of October 23, 2007. Plaintiff believes he needs at least eight months to add parties
27 and requests the court to allow until December 31, 2009 for adding parties. Plaintiff
28 would like to reserve his right to file a motion with a showing of good cause pursuant to

the Federal Rules of civil Procedures for any need to add additional parties, after December 31, 2009.

    10. **STIPULATION TO MAGISTRATE** At this time the parties do not desire to consider stipulating to submit the matter to a Magistrate Judge for all purposes.

    11. **OTHER MATTERS**– Should the parties claim privileges, the matters will be submitted to the assigned Magistrate through the joint stipulation process.

DATED:                        The Law Offices of Jilbert Tahmazian

                                 By: _____S/_____
                                      **JILBERT TAHMAZIAN**, Esq.

*Attorneys for Plaintiff* BEDROS HAJIAN

DATED:                        **ROCKARD J. DELGADILLO**, City Attorney
                                       **MICHAEL L. CLAESSENS**, Sr. Asst. City Attorney
                                       **CORY M. BRENTE**, Assistant City Attorney

                                 By: _____S/_____
                                      **CRAIG J. MILLER**, Deputy City Attorney

*Attorneys for Defendants* LOS ANGELES POLICE DEPARTMENT and LUIS TOPETE